## No. 7696.

### STATE OF LOUISIANA VS. G. W. BARTON.

The fact that an accused has been released on bond will not prevent the presumption that he has absconded from justice if it appears that at the time of his trial he was hundreds of miles distant from the place of trial, and still moving in an opposite direction.

An absconder from justice cannot successfully invoke the prescription of twelve months.

APPEAL from the Eleventh Judicial District Court, parish of Lincoln. *Graham*, J.

---

J. C. Egan, Attorney-General, for the State :

Whether the prisoner was a fugitive from justice or not, was a question of fact, and the giving of a bond by the prisoner for his appearance and trial at court had nothing to do with the question of fugitive from justice or not. The State having proven that the prisoner had fled from the State, prescription was interrupted. If the prisoner desired to have the benefit of prescription, it was his duty to

show when he returned and ceased to be a fugitive. It was the duty of the prisoner to show the facts on which he relied for prescription. The charge of the judge was, therefore, legal, and fair to the prisoner.

No brief in behalf of defendant.

The opinion of the court was delivered by

DeBlanc, J. On the 14th of November, 1879, an information was filed, by the district attorney, charging that defendant had—on the 10th of April 1878—made an assault on one Joséphine Patten, with intent to commit rape, and had—thereafter—absconded and fled from justice.

He was arrested on the day the information was filed, and, on the next day, tried with his consent, and found guilty as charged. He applied for a new trial, but on grounds which present no question of law. He was sentenced to hard labor for one year, and he appealed from the verdict and sentence.

In the lower court, his defense was conducted by eminent attorneys, who requested the court to charge the jury as follows:

1. That—to justify the prisoner's conviction—it was incumbent upon the State to establish, beyond all reasonable doubt, that he had absconded and fled on account of this prosecution, and that—during seven months and four days—he was a fugitive from justice.

2. That—while under a bond fixed by, and given under an order of court, an accused party—though absent from the State—is constructively in the custody of the court, and cannot be considered as a fugitive from justice. That, as long as the bond is in force, prescription runs in favor of the accused, as if he were present and in the actual custody of the officers of the court.

The judge refused to charge as requested, but—in substance—charged " that the fact that an accused has given bond does not prevent him from absconding, and that—whether he has or has not given bond—if he does abscond and flee from justice, he cannot successfully invoke the prescription of twelve months; but that it was incumbent upon the State to establish, beyond reasonable doubt, the fact that the accused did abscond."

The prisoner's counsel excepted to that charge, but have not attempted to sustain their exception by either an oral or printed argument.

The fact that a bond was furnished by an accused would certainly justify his subsequent absence from the parish or State, if—when called according to law—he had never failed to appear; but if, on the day of the trial, he were at hundreds of miles from the constitutional vicinage

and the impartial jury, and still moving in an opposite direction, the fiction of " his constructive presence " would in vain be invoked to avert the forfeiture of his bond, and the unfavorable presumption which would flow from the cause of that forfeiture.

The charge asked by the prisoner's counsel was too broad, that given fair and legal.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from is affirmed.